UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>MARK RITCHIE, et al.,<br><br>Defendants. | Case No. 15-cv-04876-HSG (PR)<br><br>**ORDER OF SERVICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

## INTRODUCTION

On October 23, 2015, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was previously incarcerated. Subsequently, on January 7, 2016, plaintiff filed a first amended complaint ("FAC"), which is now before the Court for review pursuant to 28 U.S.C. §1915A.

Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. §1915(a). Good cause appearing, such leave will be granted.[1]

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

---

[1] As plaintiff is not a prisoner within the meaning of 28 U.S.C. § 1915, the entire filing fee will be waived and plaintiff will not be required to pay the fee by way of monthly installments, unlike prisoners who must do so under 28 U.S.C. § 1915(b). *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (holding financial reporting and filing fee requirements of 28 U.S.C. § 1915(a)(2) and (b) apply only to "prisoners," i.e., individuals who, at time of filing civil action, are detained as result of being accused of, convicted of, or sentenced for criminal offense); *see also United States v. Budell*, 187 F.3d 1137, 1141 (9th Cir. 1999) (holding insanity acquittee not prisoner in custody under sentence).

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the original complaint, plaintiff was diagnosed with bi-polar disorder and schizophrenia in 1997. In the FAC, plaintiff alleges that from 2007 to 2012, while he was a pretrial detainee at SCCJ, defendants failed to provide him with necessary treatment and accommodations for his psychological condition. Plaintiff indicates that these claims were the subject of a prior lawsuit, *Ortega v. Ritchie, at al.*, No. C 09-5527 SBA (PR), which was dismissed on September 26, 2013, without prejudice to refiling after plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff alleges that he is no longer able to use the SCCJ administrative grievance procedure because he is housed elsewhere. If this is accurate, no administrative

remedies were available to plaintiff prior to filing the instant action, and plaintiff is excused from the exhaustion requirement. In any event, exhaustion is an affirmative defense that may be raised by defendant after service of plaintiff's complaint. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Accordingly, the Court will now screen the claims in the FAC to determine whether defendants are required to respond.

### 1.     SCCJ Medical Defendants

Plaintiff alleges that defendant SCCJ medical doctors Mark Ritchie, Amarjit Grewal, Beverly Purdy, Gilda Versales, Salma Khan, and Michael Meade along with defendant SCCJ registered nurse Christine Ferry denied him full access to mental health treatment by at various time: (1) failing to provide him with any medication to combat his mental disorders; (2) failing to provide him with proper medical dosages to combat his mental disorders; and (3) failing to admit him to the mental health ward.[2] According to plaintiff, as a result of defendants' failure to provide him with necessary mental health treatment, he became delusional and depressed, started "hearing voices," and had racing and paranoid thoughts.

Liberally construed, plaintiff's allegations against the SCCJ medical defendants state a cognizable due process claim for deliberate indifference to his serious medical needs. *See Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) (pre-trial detainee's claim for deliberate indifference to medical needs derives from the Due Process Clause rather than the Eighth Amendment).

### 2.     Supervisory Liability Claims

Plaintiff names as additional defendants Santa Clara County Sheriff Laurie Smith, Santa Clara County Chief of Corrections Edward Flores, and Captain of Santa Clara County Department of Corrections David Sepulveda. Plaintiff alleges that these defendants promulgated and condoned policies by which SCCJ staff delayed in providing adequate mental health care to inmates. Plaintiff also alleges that these defendants maintained a policy of requiring an inmate released from the acute care unit to complete his or her disciplinary time prior to being housed in a

---

[2] According to the original complaint, these medical providers were all employed by the Santa Clara Valley Health and Hospital System, the entity that administers health care at SCCJ.

non-acute care step-down mental health unit, even when such policy was medically unadvised.

A supervisor may be liable under section 1983 "even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994) (internal citations and quotations omitted). Liberally construed, the FAC adequately alleges a due process claim against defendants Smith, Flores, and Sepulveda for deliberate indifference to plaintiff's serious medical needs.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the FAC (Docket No. 10), and a copy of this order upon the following defendants at the **Santa Clara County Jail**: **Mark Ritchie, M.D.**; **Amarjit Grewal, M.D.**; **Beverly Purdy, M.D.**; **Gilda Versales, M.D.**; **Salma Khan, M.D**; **Michael Meade, M.D.**; **Christine Ferry, R.N.**; **Laurie Smith**; **Edward Flores**; and **David Sepulveda**.

The Clerk shall also mail a courtesy copy of the FAC and this order to the Santa Clara County Counsel's Office.

The Clerk is further directed to add Laurie Smith, Edward Flores, and David Sepulveda as defendants to the docket in this action.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th

4

Cir. 1998), must be served concurrently with motion for summary judgment).[3]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered

---

[3] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).[4]

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated:  1/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] The Rand notice a does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  Woods, 684 F.3d at 939.