UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br>　　　　Plaintiff,<br>　　v.<br>MARK RITCHIE, et al.,<br>　　　　Defendants. | Case No. 15-cv-04876-HSG<br><br>**ORDER GRANTING IN PART REQUEST TO REINSTATE INDIGENT PRO-PER PRIVILEGES**<br>Re: Dkt. No. 43 |

　　　　Plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was previously incarcerated. He has named as defendants SCCJ doctors and correctional officials. Docket No. 10 at 2–3 and 8–9. Now pending before the Court is Plaintiff's motion requesting that the Court order Napa State Hospital to reinstate Plaintiff's *pro per* privileges. Docket No. 43. For the reasons set forth below, this motion is GRANTED IN PART and DENIED IN PART.

　　　　Plaintiff alleges that he was granted *pro per* privileges by the Napa State Hospital Litigation Coordinator on February 13, 2014, which entitled him to free postage envelopes and free photocopies. Docket No. 43 at 2 and 3. He further alleges that these privileges were stopped on July 7, 2016 without written notice or explanation. *Id*. at 3. Plaintiff states that he relies on the *pro per* privileges to prosecute the instant case, but does not specify how he has suffered actual injury from the loss of the *pro per* privileges.

　　　　The Court DENIES IN PART this motion. The Court cannot order the specific relief sought by Plaintiff because Napa State Hospital is not a party to this action. If Plaintiff so wishes, he may file a separate action against Napa State Hospital for interference with access to the courts.

However, the Court will also GRANT IN PART this motion. The Court certifies that Plaintiff is proceeding *pro per* in federal civil rights proceedings, and requests that officials at the Napa County Jail provide Plaintiff with reasonable access to the tools needed to challenge the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 352, 355 (1996) (constitutional right of access to the courts requires that prisons provide inmates with the "tools . . . that the inmates need in order . . . to challenge the conditions of their confinement") (refusing to specify what tools should be provided and encouraging "'local experimentation' in various methods of assuring access to the courts").[1]

Accordingly, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

This order terminates Docket No. 43.

**IT IS SO ORDERED.**

Dated: 10/19/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] "There is no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). For example, the denial of free photocopying does not, by itself, amount to a denial of access to the courts. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Although an inmate must be provided with postage stamps at state expense to mail legal documents, a state may adopt reasonable postage stamp regulations. *King*, 914 F.2d at 568.